JUDGMENT

Justice DOWTY.
NOW on the 16th day of April, 1999, this matter comes on as regularly scheduled for trial upon the appeal of the Plaintiffs from the ruling of the Cherokee Nation Gaming Commission denying the Plaintiffs’ claim for the amount of $34,827.84. This Court having previously ruled that this review is upon the record made before the Gaming Commission, has limited the parties to the presentation of oral argument upon the issues with deference afforded to the Gaming Commission’s ruling pursuant to 4 C.N.C.A. § 19(C).
The controversy before the Gaming Commission arose out of the following circumstances:
On February 1, 1998, the Petitioner Jane Birkes was playing MegaMania, an electronic Bingo gaming machine supplied by Multimedia Games, Inc., at the Bingo Outpost at West Siloam Springs, Oklahoma, run by Cherokee Nation Enterprises, Inc. Plaintiff hit a prize payout of $34,827.84. In order to claim the prize, the Plaintiff had to “daub” the machine within a specified time limit in order to preserve the prize.
It is the Plaintiffs position that she daubed the machine but for some unknown reason, the daub did not record, register or preserve her jackpot. Defendants maintain that the Plaintiff failed to daub the machine in a timely manner as required in the rules of play and that the Plaintiff was familiar with the rules and the operation of the machine. Further, Defendants maintain that the machine was in good and proper working order. Alternatively, Defendant Cherokee Nation Enterprises seeks judgment against Multimedia Games, Inc., should the Court find that the machine was not in working order.(2)
The crux of the argument advanced by the Plaintiffs is that after notification of Plaintiffs’ claim, Cherokee Nation Enterprises failed to conduct an investigation and timely inform the Plaintiffs of its decision in conformance with applicable Rules and improperly delegated the authority to conduct such an investigation to Multimedia and its Attorney.
Our inquiry here is a narrow one controlled by the applicable provisions of the gaming code at Title 4 of C.N.C.A., Section 19(C). The question is whether the deci *29 sion of the Gaming Commission was arbitrary and capricious, unsupported by substantial evidence or contrary to law. The Court has reviewed the record made before the Gaming Commission and has listened to the argument of Counsel. The record made before the Gaming Commission indicates that the Commission considered the statements of witnesses taken shortly after the event in controversy. It further appears that these statements were given to a security officer for the Bingo Outpost. The content of these statements contradict the Plaintiffs assertion that she daubed the machine in a timely manner. Further, the Gaming Commission bad before it, evidence that the Plaintiff did not bring the matter to the attention of CNE management for an extended period of time after the event, and that the machine was in good working order.
The Court, having fully considered the record made before the Cherokee Nation Gaming Commission, FINDS:
That the Plaintiffs were afforded a fair-hearing before the Gaming Commission with adequate notice of their rights of appeal and the matter to be heard;
That CNE conducted a meaningful investigation of the complaint and that the results thereof were properly before, and considered by, the Gaming Commission.
That the decision of the Gaming Commission was based upon substantial evidence, was not arbitrary and capricious and was not contrary to law.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the ruling of the Cherokee Nation Gaming Commission denying the claim of the Plaintiffs is hereby affirmed and the Plaintiffs prayer for relief as against the Defendants, and each of them, is hereby denied in all respects.
Justice VILES Concurs.